UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 400 PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FOUR DIRECTIONS, INC., d/b/a J. FORD ELECTRICS, <br><br> Defendant. | Civil Action No. 22-152 (GC) (TJB) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiffs Trustees of the IBEW Local 400 Pension, Annuity, Supplemental, and Welfare Funds, respectively (hereinafter, the "Funds"), and Plaintiff the International Brotherhood of Electrical Workers Local Union 400's (the "Union") (collectively, "Plaintiffs") Motion for Default Judgment. (*See* Pls.' Mot. for Default J., ECF No. 9.) Defendant Four Directions, Inc., d/b/a J Ford Electrics ("Defendant" or "Employer") did not file opposition. The Court has carefully considered Plaintiffs' submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1.

**I.   LEGAL STANDARD**

Rule 55 allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

(3d Cir. 1990)). Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *The Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).

To determine whether granting default judgment is proper, the Court must consider: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether [the] defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## II.   DISCUSSION

*First*, the Court is satisfied that Plaintiffs demonstrated jurisdiction.  (*See generally* Compl., ECF No. 1.)  *Second*, the Court finds that Plaintiffs properly served Defendant with the Complaint and the instant Motion.  (*See* Aff. of Service, ECF No. 6; Certificate of Service, ECF No. 9-3.)  *Third*, the Court finds that Plaintiffs' Complaint states a legitimate cause of action. Specifically, Plaintiffs filed the action under Sections 502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"); 29 U.S.C. §§ 1132 and 1145; Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; and ERISA common law.  (Compl. ¶ 1.)

The three explicit factual findings required to grant a default judgment also weigh in Plaintiffs' favor.  As to the first factor, "[b]ecause delinquent contributions can negatively impact the Plaintiffs' ability to pay their beneficiaries[,] Plaintiffs would be prejudiced if default judgment was not entered in their favor."  *Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare, Vacation, & Apprentice Funds v. Integrity Constr.*, No. 06-2645, 2007 WL 777592, at *3 (D.N.J. Mar. 9, 2007) (citing *Carpenters Health & Welfare Fund v. Bold & Clauss Constr., Inc.*, No. 05-4858, 2006 WL 782051, at *2 (E.D. Pa. Mar. 23, 2006)).  Moreover, "[the Employer's] failure to proceed with representation [] or otherwise defend the action prejudices Plaintiff[s] as it prevents Plaintiff[s] from proceeding with this case and obtaining relief."  *Sidewinder Films, LLC v. Sidewinder Films, LLC*, No. 19-13992, 2022 WL 6964829, at *4 (D.N.J. Oct. 11, 2022) (citing *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2016 WL 5660426, at *3 (Sept. 29, 2016)).  Based on the current record, it appears that Plaintiffs have no alternative means of vindicating their claims.  The first factor, therefore, weighs in Plaintiffs' favor.

The second factor weighs slightly in Plaintiffs' favor.  "If the defendant does not respond, the Court cannot determine whether the defendant has any meritorious defenses, and the factor points in favor of granting default judgment against the defendant."  *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 829 (D.N.J. 2021) (citing *Teamsters Health & Welfare Fund of Phila.*, 2012 WL 3018062, at *4).

As to the final factor, the Employers' failure to respond permits the Court to draw an inference of culpability on its part.  *See J & J Sports Prods., Inc., v. Tribiri-Tabara, LLC*, No.

18-13867, 2019 WL 2754955, at *3 (D.N.J. July 2, 2019) ("When a defendant has failed to answer, move, or respond to a complaint, culpability is presumed.").

The Court, accordingly, finds that default judgment is appropriate.

### III. REQUESTED RELIEF

Plaintiffs request (1) an audit, and (2) an injunction and specific performance. As to the audit, Plaintiffs request that the Court:

(A) Order Defendant, its officers, agents, servants, employees, attorneys and all others, to permit an audit of all records under the actual or constructive control of Defendant, and in the absence of such records, to cooperate in alternative methods for the determination of contributions which are due;

(B) Order Defendant to pay all contributions due and owing to the Funds upon completion of the audit;

(C) Order Defendant to pay all dues check offs and . . . contributions due and owing to the Union upon completion of the audit;

(D) Order Defendant to pay interest on the delinquent contributions as provided by 29 U.S.C. § 1132(g);

(E) Order Defendant to pay liquidated damages on the delinquent contributions in the amount of twenty percent (20%) as provided by 29 U.S.C. § 1132(g);

(F) Order Defendant to specifically perform all obligations to the Funds under the Inside Agreement;

(G) Order Defendant to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. § 1132(g); and

(H) Order any such other and further relief as this Court may deem equitable, just and appropriate.

(Compl. ¶ 34.) As to their request for an injunction and specific performance, Plaintiffs request the Court to:

> [p]ermanently restrain and enjoin Defendant, their [sic] officers, agents, servants, employees, attorneys, and all others in active concert or participation with them [sic] from continuing to violate the terms of the current Inside Agreement between Defendant and the Union, and the Funds' respective Trust Agreements, providing for the timely filing and remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiffs and to turn over Union dues[,] check offs[,] and . . . payments withheld from Defendant's bargaining unit employees for so long as Defendant is contractually required to so[.]

(*Id.* ¶ 44.)

As previously noted, whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz*, 732 F.2d at 1180. Furthermore, the decision to enforce the equitable remedy of specific performance is purely discretionary. *See Sheet Metal Workers Int'l Ass'n Loc. 19 v. Herre Bros., Inc.*, 201 F.3d 231, 249 (3d Cir. 1999) (collecting cases).

Here, the Court finds that Plaintiffs are entitled to conduct an audit of the Employer.[2] The Court, therefore, finds good cause to grant Plaintiffs' audit request. The Court, however, also finds that Plaintiffs failed to demonstrate their entitlement to the extensive, broad, far-reaching injunctive relief requested. The Court, consequently, finds good cause to deny Plaintiffs' request for injunctive relief.

## IV. ORDER

Accordingly, **IT IS,** on this 27th day of February 2023, **ORDERED** that:

1. Plaintiffs' motion for default judgment (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**.

---

[2] The Court also finds Plaintiffs entitled to reasonable attorneys' fees. The Court, however, defers consideration pending a supplemental submission. Plaintiffs may e-file a supplemental submission within 30 days of the audit's completion.

2. The Court **GRANTS** Plaintiffs' request for an audit.[3]

3. The Court **DENIES** Plaintiffs' request for an injunction and specific performance.

4. Plaintiffs shall submit a proposed form of order for the audit by **March 10, 2023**.

5. Plaintiffs shall serve a copy of this Memorandum Order upon Defendant by **March 8, 2023**. Plaintiffs must e-file proof of service upon Defendant by **March 10, 2023**.

                                                 /s/ *Georgette Castner*
                                                 **GEORGETTE CASTNER**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[3] To be clear, the Court grants the relief Plaintiffs seek under subsection A of their audit request. The Court denies without prejudice the remainder of the relief Plaintiffs seek related to the audit, including Plaintiffs' request to prospectively order post-audit relief. At the completion of the audit, if appropriate, Plaintiffs may file a Motion seeking additional relief. Plaintiffs must support any motion with a legal brief and accompanying certification.